UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JUAN MIRELES,

            Petitioner,

v.                                                     CASE NO. 06-13706
                                                    HONORABLE GERALD E. ROSEN

T. BELL,

            Respondent.
_____/

**OPINION AND ORDER DENYING HABEAS CORPUS PETITION
AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

      Petitioner Juan Mireles has filed a *pro se* application for the writ of habeas corpus. Respondent urges the Court to deny the habeas petition on the ground that Petitioner's claims are unexhausted, not cognizable, or without merit. The Court agrees that Petitioner's claims do not warrant granting the writ of habeas corpus. Accordingly, the habeas petition must be DENIED.

**I. Background**

      In 2004, Petitioner pleaded guilty in Genesee County, Michigan to: six counts of transporting a female for prostitution, Mich. Comp. Laws § 750.459; five counts of pandering, Mich. Comp. Laws § 750.455; seven counts of accepting the earnings of a prostitute, Mich. Comp. Law § 750.457; one count of delivery or manufacturing a controlled substance over fifty grams, Mich. Comp. Laws § 333.7401(2)(a)(iv); and one count of conducting a criminal enterprise, Mich. Comp. Laws § 750.159i(1). In return, the prosecution dismissed one count of possessing a firearm during the commission of a felony, which carried a mandatory penalty of two years in prison. The trial court sentenced Petitioner to imprisonment for concurrent terms of

ninety months (seven and a half years) to 240 months (twenty years). The Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented," *People v. Mireles*, No. 265307 (Mich. Ct. App. Oct. 18, 2005), and on March 29, 2006, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues. *See People v. Mireles*, 474 Mich. 1099 (2006).

Petitioner filed his habeas corpus petition on August 21, 2006. He argues that:

I. The petitioner's plea-based conviction violates the Due Process Clause of the Fourteenth Amendment where he never received the benefit which induced his guilty plea.

II. The petitioner was denied his right to effective assistance of counsel under the Sixth Amendment, where his trial attorney failed to advise him that pleading guilty to his charges would result in him being required to register as a sex offender.

III. The petitioner's right to due process under the Fourteenth Amendment was violated where false information in his presentence report was used to sentence him and it was not removed.

IV. The petitioner's convictions violate the substantive due process clause of the Fourteenth Amendment, where the state no longer has the authority to criminalize the underlying conduct which formed the basis for his convictions.

## II. Exhaustion of State Remedies

The doctrine of exhaustion of state remedies requires state prisoners to fairly present their claims in each appropriate state court before seeking a federal writ of habeas corpus. *See* 28 U.S.C. § 2254(b)(1); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). For state prisoners in Michigan, this means that they must present each claim to the Michigan Court of Appeals and to the Michigan Supreme Court before seeking federal habeas corpus relief. *See Dombkowski v. Johnson*, 488 F.2d 68, 70 (6th Cir. 1973).

Petitioner raised his first three claims in both of the State's appellate courts. He raised his fourth claim for the first time in the Michigan Supreme Court. Presentation of the claim for the first and only time to the State's highest court on discretionary review, without more, did not constitute "fair presentation" for purposes of the exhaustion doctrine. *Castille v. Peoples*, 489 U.S. 346, 351 (1989). Therefore, the habeas petition is a "mixed petition" of three exhausted claims and one unexhausted claim.

Absent unusual or exceptional circumstances, courts must dismiss mixed petitions in their entirety. *Rose v. Lundy*, 455 U.S. 509, 522 (1982); *O'Guinn v. Dutton*, 88 F.3d 1409, 1412-13 (6th Cir. 1996). This procedure leaves the petitioner with the option of (1) submitting an amended habeas petition to the federal court with only the exhausted claims or (2) returning to state court to further exhaust state remedies. *Rose*, 455 U.S. at 510. Petitioner has asked the Court to address his first three claims on the merits rather than to dismiss the entire petition for failure to exhaust state remedies for his fourth claim. The Court therefore will proceed to address Claims I through III, using the following standard of review.

### III. Standard of Review

Petitioner is entitled to the writ of habeas corpus only if he can show that the state court's adjudication of his claim on the merits–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law "if the state court

arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000) (Justice O'Connor's majority opinion on Part II). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413.

"[A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Id*. at 410 (emphasis in original). "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id*. at 409.

The only state court to issue a merits determination on Petitioner's claims was the Michigan Court of Appeals, which merely denied leave to appeal for lack of merit in the grounds presented. Because the state court of appeals failed to articulate a basis in federal law for rejecting Petitioner's claims, "deference is owed only to the result reached by the [state court], and not its reasoning, and this court must conduct an independent review of the record and the law to determine whether the state court's ruling comports with the requirements of § 2254(d)." *Stewart v. Erwin*, 503 F.3d 488, 494 (6th Cir. 2007) (quotation marks and end citations omitted).

## IV. Discussion

### A.

Petitioner alleges that he was promised a minimum sentence of thirty to seventy-five months if he pleaded guilty to all the charges except one count of felony firearm. He claims that his right to due process was violated because he received a minimum sentence of ninety months, which was more than the bargained-for sentence.

The Supreme Court has stated that, "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262 (1971). The record in this case indicates that there was no sentencing agreement, other than a sentence within the sentencing guidelines, which the parties anticipated would be approximately thirty to seventy-five months. (Tr. Aug. 17, 2004, at 6, 8, 10-11, 15, 17-20, 62.) At the sentencing, the guidelines for the minimum sentence were determined to be fifty-seven to ninety-five months, and Petitioner was sentenced within the guidelines to a minimum of ninety months in prison. (Tr. Sept. 20, 2004, at 27 and 31). He received the benefit of his plea bargain.

### B. Defense Counsel

The second habeas claim alleges that Petitioner was denied his right to effective assistance of counsel because his trial attorney failed to advise him that his guilty plea would result in having to register as a sex offender. To prevail on this claim, Petitioner must show "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington,* 466 U.S. 668, 687 (1984). In guilty plea cases, the "performance" prong requires showing that defense counsel's representation fell below an objective standard of reasonableness or was outside the range of competence demanded of attorneys in criminal cases. *Hill v. Lockhart*, 474 U.S. 52, 56-59 (1985). The "prejudice" prong

5

requires demonstrating that defense counsel's constitutionally ineffective performance affected the outcome of the plea process. *Id.* at 59. Petitioner must demonstrate "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*

The classification, registration, and notification requirements of a sex offender statute are "more properly characterized as a collateral consequence of conviction," *Leslie v. Randle,* 296 F.3d 518, 522 (6th Cir. 2002) (quoting *Williamson v. Gregoire,* 151 F.3d 1180, 1183 (9th Cir. 1998)), and an attorney is not ineffective for failing to notify his client of all the collateral consequences of a plea, *United States v. George*, 869 F.2d 333, 337 (7th Cir. 1989). Therefore, Petitioner's attorney was not ineffective for allegedly failing to inform Petitioner that he would have to register as a sex offender.

### C. Information Relied Upon at Sentencing

The third and final claim alleges that Petitioner's right to due process was violated because the trial court relied on false information in the presentence report when sentencing Petitioner. The allegedly false information included (1) allegations about Petitioner's co-defendants, (2) a statement by one Dr. Lois Lee regarding victimization, and (3) the allegation that Petitioner broke a co-defendant's jaw.

A sentence violates due process if it is based on "misinformation of constitutional magnitude," *Roberts v. United States*, 445 U.S. 552, 556 (1980) (quoting *United States v. Tucker*, 404 U.S. 443, 447 (1972)), or on "extensively and materially false" information, which the defendant had no opportunity to correct. *Townsend v. Burke*, 334 U.S. 736, 741 (1948). The record here indicates that the trial court was mindful of societal questions raised by defense

6

counsel, but it stated that it could not consider those matters. The trial court then noted that Petitioner and other individuals had brought people into their business and abused them. The trial court took into account Petitioner's participation in the crime and his role with respect to others before the court. The trial court then concluded that a sentence at the high end of the sentencing guidelines was more appropriate than a sentence at the low end. (Tr. Sept. 20, 2004, at 30-31.) Petitioner has failed to prove that the trial court actually relied on the information, which he claims was false.

Furthermore, the primary focus of Petitioner's argument is that the trial court failed to remove the disputed information from the pre-sentence report, as required by state law. This Court, however, may not grant habeas corpus relief on the basis of alleged errors of state law. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

## V. Conclusion

The decision of the Michigan Court of Appeals that Petitioner's claim lacked merit was not contrary to federal law, an unreasonable application of federal law, nor an unreasonable determination of the facts.

Accordingly, it is **ORDERED** that the Petition for a Writ of Habeas Corpus [Doc. 1, Aug. 21, 2006] is **DENIED**. The Court **DECLINES** to issue a certificate of appealability

because reasonable jurists would not find the Court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).


       **s/Gerald E. Rosen**
       **Gerald E. Rosen**
       **United States District Judge**

**Dated: January 11, 2008**

**I hereby certify that a copy of the foregoing document was served upon counsel of record on January 11, 2008, by electronic and/or ordinary mail.**

       **s/LaShawn R. Saulsberry**
       **Case Manager**