UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JUAN MIRELES,

                Petitioner,

v.                                       CASE NO. 06-13706
                                       HONORABLE GERALD E. ROSEN

T. BELL,

                Respondent.
_____/

## ORDER DENYING PETITIONER'S APPLICATION
## FOR A CERTIFICATE OF APPEALABILITY,
## BUT GRANTING LEAVE TO APPEAL IN FORMA PAUPERIS

Petitioner Juan Mireles has appealed the Court's opinion and order denying his *pro se*

application for the writ of habeas corpus. The habeas petition challenges Petitioner's state

convictions for: six counts of transporting a female for prostitution, Mich. Comp. Laws §

750.459; five counts of pandering, Mich. Comp. Laws § 750.455; seven counts of accepting the

earnings of a prostitute, Mich. Comp. Law § 750.457; one count of delivery or manufacturing a

controlled substance over fifty grams, Mich. Comp. Laws § 333.7401(2)(a)(iv); and one count of

conducting a criminal enterprise, Mich. Comp. Laws § 750.159i(1). Petitioner was sentenced on

September 20, 2004, to imprisonment for 90 to 240 months. Currently pending before this Court

is Petitioner's application for a certificate of appealability (COA).

### I. Standard of Review

"[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic

right to appeal a district court's denial or dismissal of the petition. Instead, [the] petitioner must

first seek and obtain a COA." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A COA may

issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## II. Application

The first habeas claim alleges that Petitioner was promised a minimum sentence of 30 to 75 months if he pleaded guilty. He received a minimum sentence of 90 months, which he contends was more than the bargained-for sentence. The Court found no merit in this claim because there was no sentencing agreement, other than a sentence within the sentencing guidelines. Petitioner's minimum sentence of 90 months fell within the guidelines of 57 to 95 months. Therefore, he received the benefit of his plea bargain.

The second habeas claim alleges that Petitioner was denied his right to effective assistance of counsel because his trial attorney failed to advise him that he would have to register as a sex offender if he pleaded guilty. The Court found no merit in this claim because the registration requirements of a sex offender statute are a collateral consequence of the conviction, *Leslie v. Randle,* 296 F.3d 518, 522 (6th Cir. 2002) (quoting *Williamson v. Gregoire,* 151 F.3d 1180, 1183 (9th Cir. 1998)), and an attorney is not ineffective for failing to notify his client of all the collateral consequences of a plea, *United States v. George*, 869 F.2d 333, 337 (7th Cir. 1989).        The third and final claim alleges that the trial court relied on false information in the presentence report when sentencing Petitioner. The allegedly false information included (1) allegations about Petitioner's co-defendants, (2) a statement by one Dr.

Lois Lee regarding victimization, and (3) an allegation that Petitioner broke a co-defendant's jaw. The Court concluded on review of this claim that Petitioner had failed to prove reliance on false information. Although Petitioner also alleged that the failure to remove the disputed information from the pre-sentence report was a violation of state law, the Court concluded that this allegation was not a basis for habeas corpus relief. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

### III. Conclusion

Reasonable jurists would not find the Court's assessment of Petitioner's constitutional claims debatable or wrong. Accordingly, Petitioner's application for a certificate of appealability [Doc. 17] is DENIED.

The standard for issuing a certificate of appealability has a higher threshold than the standard for granting leave to appeal in forma pauperis. *United States v. Youngblood*, 116 F.3d 1113, 1115 (5th Cir. 1997). An appeal may be taken *in forma pauperis* if it is taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(4)(B).

Although the Court determined that Petitioner's claims did not warrant the writ of habeas corpus, the issues are not frivolous. Therefore, the appeal is taken in good faith, and Petitioner may proceed *in forma pauperis* on appeal.

s/Gerald E. Rosen
Gerald E. Rosen
United States District Judge

Dated: February 27, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 27, 2008, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager